RECEIVED IN
The Court of Appeals
Sixth District

APR 2 4 2015

Texarkana, Texas
Debra Autrey, Clerk

COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
TEXARKANA, TEXAS

NO. 06-14-00103-CR

FILED IN
The Court of Appeals
Sixth District

APR 2 4 2015

Texarkana, Texas
Debra K. Autrey, Clerk

§
§          FROM THE 6TH DISTRICT COURT
§
EX PARTE – Johnny Muldrow          §          LAMAR COUNTY, TEXAS
§
§          TRIAL CAUSE NO. 25549

## PETITION FOR ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHNNY MULDROW, Petitioner in the above styled and numbered cause, and respectfully asks this Court to issue an order requiring Petitioner's court-appointed appellate counsel to provide copies of the following documents; pursuant to Tex.R.App.Proc. Rule 48.4:

1. State's Response Brief in the above-numbered cause

2. This Court's ruling and opinion in the above-numbered cause

Counsel appointed to represent Petitioner in the above-numbered cause

is: Charles E. Perry, Attorney
State Bar No. 15799700
1101 Main Street
P.O. Box 720
Commerce, TX   75429

In support thereof, Petitioner would show the Court the following:

1. Petitioner was never contacted by his court-appointed appellate counsel until he inquired of his trial attorney if a notice of appeal had been filed, and if so, if an appellate attorney had been appointed to represent Petitioner. Trial counsel confirmed the notice of appeal was filed and provided Petitioner with the contact information of the appellate counsel who was appointed to represent him in a letter postmarked January 2, 2015 and sent via Certified Mail #7013 3020 0002 2482 0727.

2. Petitioner sent a letter to appellate counsel on February 9, 2015 (see Exhibit A) inquiring about his appellate case and the status thereof. Petitioner also requested that copies of the following documents be mailed to him:

   a. Appellate Brief

   b. State's Response Brief

   c. Reply Brief (if one was filed)

   d. Trial Transcripts (Reporter's Record and Clerk's Record)

1

3. Appellate counsel responded in a letter mistakenly dated July 16, 2015 and postmarked February 17, 2015 (see Exhibit B) informing Petitioner that he had already filed the Appellate Brief and that this Court had already ruled on Petitioner's appeal affirming the conviction; however, counsel neglected to provide copies of any of the requested documents.

4. Petitioner once again contacted appellate counsel in a letter dated March 16, 2015 (see Exhibit C) in which he instructed counsel to file a motion for a rehearing, and once again requested the documents listed above, with the addition of the request of the Petition for Discretionary Review if one had been filed.

5. Petitioner received a copy of the Appellate Brief that counsel had submitted to this Court on March 24, 2015 (see Exhibit D). There was no accompanying letter, and the postmark on the envelope was blocked out by stamps. None of the other requested documents were included, and Petitioner has received no further communication from appellate counsel.

6. Per Rule 48.4 of the Texas Rules of Appellate Procedure:

> "In criminal cases, the attorney representing the defendant on appeal shall, within (5) days after the opinion is handed down, send his client a copy of the judgement and opinion, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal."

7. Per the initial letter Petitioner received from appellate counsel in February 2015 (Exhibit B), counsel did not contact Petitioner because Petitioner had been transferred before he was appointed and therefore did not know what unit Petitioner was located at (within Texas Department of Criminal Justice).

8. Petitioner submits to this Court that counsel made no effort whatsoever to contact him. Counsel could easily have simply looked up Petitioner's location and contact information on TDCJ's website or simply call them via telephone.

9. Petitioner also submits that counsel's lack of effort to contact Petitioner to discuss his case adversely affected the competency of the Appellate Brief that was filed, as Petitioner fails to see any argument at all, or even the citings of cases being applied to Petitioner's case. It is no wonder why Petitioner's appeal was rejected and his conviction affirmed.

2

10. Petitioner also submits that under the STANDARDS FOR APPELLATE CONDUCT -
    LAWYER'S DUTIES TO CLIENTS located in the Tex.R.App.Proc., items 5 and 8
    state:

> 5. Counsel will explain the appellate process to their clients. Counsel
>    will advise clients of the range of potential outcomes, likely
>    costs, timetables, effect of the judgement pending appeal, and
>    the availability of alternative dispute resolution.
> 8. Counsel will keep clients INFORMED and INVOLVED IN DECISIONS and
>    will PROMPTLY RESPOND to inquiries.

Appellate counsel's complete lack of effort violates these duties as well
as nearly all of the other duties listed:

WHEREFORE, PREMISES CONSIDERED, Petitioner asks this Court to grant
this motion and order appellate counsel, Charles E. Perry, to provide hard-
copies of all documents that Petitioner has requested, including copies of
the Reporter's Record and Clerk's Record, pursuant to Rule 48.4 of the Tex.
R.App.Proc. so that Petitioner may proceed with his Petition for Discretionary
Review and habeas corpus.

Respectfully submitted,

*Johnny Muldrow*

Johnny Muldrow - Petitioner
Pro Se Representation
TDCJ #1934318
Mark W. Stiles Unit
3060 FM 3514
Beaumont, TX  77705

Executed this 17 day of April, 2015.

3

Charles E. Perry, Attorney
1101 Main Street
Commerce, TX 75428-0000

February 9, 2015

Re: Appellate Case No. 06-14-00103-CR
    Trial Case No. 25549

Dear Mr. Perry,

I was notified in a letter from my trial attorney that was dated January 6, 2015 that you were appointed as my appellate attorney. Ms. Gibo also included a notice from Sixth Appellate District Court of Appeals dated June 26, 2014 notifying you that the Clerk's Record was received and that the Reporter's Record was due by July 28, 2014.

I want to know why you have not bothered to contact me whatsoever to discuss my appeal, to inform me as to what to expect in the appellate process, or even to simply introduce yourself and provide me with your contact information. I had to contact my trial attorney, Ms. Jennifer Gibo, to find out if a notice of appeal had even been filed and if the court appointed an appellate attorney to represent me in my direct appeal.

Now I find that my appeal is already in process per the above mentioned notice from the court, and that the Clerk's Record was received 7 months ago and the Reporter's Record 6 months ago! Per Rule 38.6 of the Texas Rules of Appellate Procedure, the Appellate Brief must be filed with 30 days after (in this case) the Reporter's Record was received. I understand that you may have received an extension of time to file this brief, but it has still been several months since any time extension would have expired.

page 1 of 2                    Exhibit A

I am requesting that you contact me immediately with a status update of my appeal either in person or at the address listed below. I am also requesting that you mail to me hard-copies of the following (no CDs, DVDs, USB Drives, etc.):

1. Appellate Brief that you submitted on my behalf.
2. State's Response Brief.
3. Your Reply Brief. If you have not filed one, I am instructing you to do so.
4. Trial Transcripts, including the Clerk's Record and the Reporter's Record.

I hope you also requested oral arguments in the Appellate brief that you submitted as well. If not, I am instructing you to amend the Appellate Brief or submit a supplement.

I must say that I am concerned that your lack of professionalism so far, in that you have not even extended the simple courtesy of introducing yourself to me, let alone your failure to discuss with me anything about my case, that you are not putting much effort to in trying to win my appeal. There is no excuse for your failure to contact me.

Again, my contact information is listed below. Please contact me promptly, as well as mail the requested material to me. Thank you for your prompt attention to this matter.

Respectfully,

Johnny Muldrow
TDCJ No. 1934318
Mark W. Stiles Unit
3060 FM 3514
Beaumont, TX 77705

LAW OFFICES

# cp

## CHARLES E. PERRY

Texas
Montana

1101 Main St.
P.O. Box 720
Commerce, TX 75429

903-886-0774
Fax: 903-886-2043
Cell: 940-613-8439
Email: elyww@aol.com

July 16, 2015

Johnny Muldrow
# 1934313,
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

State of Texas v. Johnny Muldrow

Dear Johnny:

I have not contacted you since I did not know what unit you were in and you were transferred before I was appointed to do your appeal. Your appeal has been completed and your case was affirmed. The primary ground of appeal was the sufficiency of the evidence and the appellate court in Texarkana found that the evidence was sufficient. I know you are upset and I do not blame you, but your co-defendant testimony was difficult to overcome. I based your appeal on the lack of an affirmative link between you and the contraband found in the suitcase in the rear of the vehicle. All the briefing was difficult to overcome what happened at trial and the testimony of you friend and co-defendant.

Being mad at me and my efforts on your behalf is something that will not help the situation you are now in. I hope your situation is not difficult but you should not have to serve long when the time you spent in the county jail and the time you have already served is considered.

Thanks for writing and telling me where you are.

Charles Perry

Exhibit B (a)

CHARLES PERRY
LAWYER
1101 MAIN ST.
COMMERCE, TX 75429

NORTH TEXAS TX PDC
DALLAS TX 759
17 FEB 2015 PM 5 L

Johnny Murdeow
# 1934318    763-66
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

7770576356

Exhibit B (6)

Charles E. Perry, Attorney
1101 Main Street
P.O. Box 720
Commerce, TX  75429


March 16, 2015

RE:  State of Texas v. Johnny Muldrow

Dear Mr. Perry:

I am somewhat confused by your statements in the letter that I received from you stating that you did not know where I was located and also that you do not think that I will have to serve that much time.

First of all, not knowing where I was located is not an excuse, as you could have, and should have as my attorney, checked with the Texas Department of Criminal Justice to find out where I was located. You obviously made no effort to do so, and yet you moved forward with filing my appellate brief without any consultation with me at all. Furthermore, you failed to inform me that my appeal was rejected and the conviction affirmed. The Court is also required by law to send me notification of their decision directly as well, and this also was not done.  How could you zealously argue the issues in my appeal without even bothering to consult with me?

Second of all, I was sentenced to 50 years! Unless this has changed without my knowledge, please explain your statement, "you should not have to serve long when the time you spent in county and the time you have already served is considered." Has my sentence changed, or you simply not aware of how long my sentence is?

At this time, I am hereby instructing you to file a motion for a rehearing. I am also instructing you to send me hard-copies of the following:

- Appellate Brief (that you filed)
- State's Response
- Reply Brief (if you did not file a Reply Brief, please explain why not, as I am entitled to have one filed and it is your job to do so in your representation of me)
- Court's Opinion
- Petition for Discretionary Review (if you did not file a PDR, please explain why not, as this is part of the appellate process and I am entitled to one)

In my previous letter I also requested that you send me hard-copies of my trial transcripts and the Clerk's Record, also of which I am entitled to and are considered to be my property, and which I have yet to receive. These are required in order for me to proceed on my post-conviction pleadings, i.e. Writs of Habeas Corpus for both Art. 11.07 and 28 U.S.C. § 2254.

Please send the requested documentation to me at the address listed below and please update me on the status of the requested motion for a rehearing.


Johnny Muldrow
TDCJ #1934313
Mark W. Stiles Unit
3060 FM 3514
Beaumont, TX  77705

Exhibit C

CP

CHARLES PERRY
LAWYER
1101 MAIN ST.
COMMERCE, TX 75429

Received →

3/24/15

7G3 66

Johnny Muldrow
# 1934318
Stiles Unit
3060 Fm 3514
Beaumont, Tx 77705

Exhibit D